**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Charles D. YOUNG, Defendant–
Appellant.**

**No. 02–6508.**

United States Court of Appeals,
Sixth Circuit.

Sept. 11, 2003.

Linda Harris, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

Charles D. Young, pro se, Brighton, TN, for Defendant–Appellant.

Before: SUHRHEINRICH, COLE, and ROGERS, Circuit Judges.

*ORDER*

Charles D. Young appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, Young pleaded guilty to mail fraud in violation of 18 U.S.C. § 1341. The district court sentenced Young to two years of probation and it imposed a $500 fine. Young has filed a timely appeal.

On appeal, Young's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Young has not responded to his counsel's motion to withdraw.

The motion to withdraw as counsel should be granted as it reflects that counsel has reviewed the entire record and proceedings and submitted the following issue for review: 1) whether the district court erred when it sentenced Young.

Counsel correctly argues that the district court properly sentenced Young. A defendant may only seek review of his sentence on the grounds that: 1) the sentence was imposed in violation of law; 2) the sentence was imposed as a result of an incorrect application of the guidelines; 3) the sentence represented an upward departure from the applicable guidelines range; or 4) the sentence is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guideline. See 18 U.S.C. § 3742(a); *United States v. Lively,* 20 F.3d 193, 196 (6th Cir.1994); *United States v. Lavoie,* 19 F.3d 1102, 1103 (6th Cir.1994).

Young has not presented any issue that fits these criteria. Young's total offense level was 6, his Criminal History Category score was I, and the resulting guidelines range was 0–6 months. However, the court chose not to sentence Young to any

period of incarceration. Instead, the court imposed a sentence of two years of probation. Title 18 U.S.C. § 3561(c) permits the district court to impose a sentence of probation of not less than one nor more than five years. Young's sentence of two years of probation falls within the statutory sentencing range. Hence, Young was properly sentenced.

Additionally, we have reviewed the record and discovered no error warranting reversal of Young's conviction and sentence. Young voluntarily pleaded guilty. A guilty plea is valid if entered voluntarily, knowingly, and intelligently; its validity is determined under the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 748–49, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The record reflects that, during Young's plea hearing, the district court explained the rights that Young was waiving, determined that no additional promises had been made to compel Young to plead guilty, and explained the potential penalty associated with the guilty plea. The district court also determined that Young understood the indictment to which he was pleading guilty. Finally, Young acknowledged the accuracy of the government's proof that he had been involved in selling $CO_2$ cylinders that had not been properly tested as required by law.

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.